## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSIE BADGER and KIT BORDEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CBL & ASSOCIATES PROPERTIES, INC.,<br><br>Defendant. | Case No.<br><br>**FILED ELECTRONICALLY** |

## NATIONWIDE CLASS ACTION COMPLAINT

COMES NOW, Josie Badger and Kit Borden, (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated and allege as follows:

## INTRODUCTION

1. Plaintiffs bring this action individually and on behalf of all others similarly situated against CBL & Associates Properties, Inc. ("Defendant"), alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, (the "ADA") and its implementing regulations, in connection with accessibility barriers in the parking lots and paths of travel at various public accommodations owned, operated, controlled and/or leased by Defendant ("Defendant's facilities").

2. Plaintiff Josie Badger has a mobility disability and is limited in the major life activity of walking, which has caused her to be dependent upon a wheelchair for mobility.

3. Plaintiff Kit Borden has Multiple Sclerosis and is limited in the major life activity of walking, which has caused her to be dependent upon a wheelchair for mobility.

4. Plaintiffs have visited Defendant's facilities and were denied full and equal access as a result of Defendant's inaccessible parking lots and paths of travel.

5. Plaintiffs' experiences are not isolated—Defendant has systematically discriminated against individuals with mobility disabilities by implementing policies and practices that consistently violate the ADA's accessibility guidelines and routinely result in access barriers at Defendant's facilities.

6. In fact, numerous facilities owned, controlled and/or operated by Defendant have parking lots and paths of travel that are inaccessible to individuals who rely on wheelchairs for mobility, demonstrating that the centralized decision making Defendant employs with regard to the design, construction, alteration, maintenance and operation of its facilities causes access barriers, and/or allows them to develop and persist at Defendant's facilities.

7. Unless Defendant is required to remove the access barriers described below, and required to change its policies and practices so that access barriers do not reoccur at Defendant's facilities, Plaintiffs and the proposed Class will continue to be denied full and equal access to those facilities as described, and will be deterred from fully using Defendant's facilities.

8. The ADA expressly contemplates injunctive relief aimed at modification of a policy or practice that Plaintiffs seek in this action. In relevant part, the ADA states:

> [i]n the case of violations of…this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities….Where appropriate, injunctive relief shall also include requiring the…modification of a policy….

42 U.S.C. § 12188(a)(2).

9. Consistent with 42 U.S.C. § 12188(a)(2) Plaintiffs seek a permanent injunction requiring:

a) that Defendant remediate all parking and path of travel access barriers at its facilities, consistent with the ADA;

b) that Defendant change its corporate policies and practices so that the parking and path of travel access barriers at its facilities do not reoccur; and,

c) that Plaintiffs' representatives shall monitor Defendant's facilities to ensure that the injunctive relief ordered pursuant to Paragraph 9(a) and 9(b) has been implemented and will remain in place.

10. Plaintiffs' claims for permanent injunctive relief are asserted as class claims pursuant to Fed. R. Civ. P. 23(b)(2). Rule 23(b)(2) was specifically intended to be utilized in civil rights cases where the Plaintiffs seek injunctive relief for his or her own benefit and the benefit of a class of similarly situated individuals. To that end, the note to the 1996 amendment to Rule 23 states:

> Subdivision(b)(2). This subdivision is intended to reach situations where a party has taken action or refused to take action with respect to a class, and final relief of an injunctive nature or a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole, is appropriate….Illustrative are various actions in the civil rights field where a party is charged with discriminating unlawfully against a class, usually one whose members are incapable of specific enumeration.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

11. The ADA was enacted over a quarter century ago and is intended to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1).

12. The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

13. Title III of the ADA generally prohibits discrimination against individuals with disabilities in the full and equal enjoyment of public accommodations, 42 U.S.C. § 12182(a),

and prohibits places of public accommodation, either directly, or through contractual, licensing, or other arrangements, from outright denying individuals with disabilities the opportunity to participate in a place of public accommodation, 42 U.S.C. § 12182(b)(1)(A)(i), or denying individuals with disabilities the opportunity to fully and equally participate in a place of public accommodation, 42 U.S.C. § 12182(b)(1)(A)(ii).

14. Title III further prohibits places of public accommodation from utilizing methods of administration that have the effect of discriminating on the basis of a disability. 42 U.S.C. § 12182(b)(1)(D).

15. Title III and its implementing regulations define discrimination to include the following:

   a) Failure to remove architectural barriers when such removal is readily achievable for places of public accommodation that existed prior to January 26, 1992, 28 CFR § 36.304(a) and 42 U.S.C. § 12182(b)(2)(A)(iv);

   b) Failure to design and construct places of public accommodation for first occupancy after January 26, 1993, that are readily accessible to and usable by individuals with disabilities, 28 C.F.R. § 36.401 and 42 U.S.C. § 12183(a)(1);

   c) For alterations to public accommodations made after January 26, 1992, failure to make alterations so that the altered portions of the public accommodation are readily accessible to and usable by individuals with disabilities, 28 C.F.R. § 36.402 and 42 U.S.C. § 12183(a)(2); and

   d) Failure to maintain those features of public accommodations that are required to be readily accessible to and usable by persons with disabilities, 28 C.F.R. § 36.211.

16. The remedies and procedures set forth at 42 U.S.C. § 2000a-3(a) are provided to any person who is being subjected to discrimination on the basis of disability or who has reasonable grounds for believing that such person is about to be subjected to discrimination in violation of 42 U.S.C. § 12183.  42 U.S.C. 12188(a)(1).

17. The ADA also provides for specific injunctive relief, which includes the following:

> In the case of violations of sections 12182(b)(2)(A)(iv) and section 12183(a) of this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter. Where appropriate, injunctive relief shall also include…modification of a policy…to the extent required by this subchapter.

42 U.S.C. § 12188(a)(2); 28 C.F.R. § 36.501(b).

## JURISDICTION AND VENUE

18. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

19. Plaintiffs' claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

20. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the events and/or omissions at issue occurred.

## PARTIES

21. Plaintiff Badger is and, at all times relevant hereto, was a resident of the Commonwealth of Pennsylvania. As described above, as a result of her disability, Plaintiff Badger relies upon a wheelchair for mobility. She is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*.

22. Plaintiff Borden is and, at all times relevant hereto, was a resident of the State of North Carolina. As described above, as a result of her disability, Plaintiff Borden relies upon a wheelchair for mobility. She is therefore a member of a protected class under the ADA,

42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*.

23. Defendant CBL & Associates Properties, Inc. is headquartered at CBL Center, 2030 Hamilton Place Blvd, Chattanooga, Tennessee 37421.

24. Defendant is a public accommodation pursuant to 42 U.S.C. §12181(7).

## FACTUAL ALLEGATIONS

**I.    Plaintiffs Have Been Denied Full and Equal Access to Defendant's Facilities.**

25. Plaintiff Badger has visited Defendant's open-air property, located at 1810 Settlers Ridge Center Drive, Pittsburgh, Pennsylvania (the "Subject Property I"), where she experienced unnecessary difficulty and risk due to excessive slopes in Defendant's parking facilities.

26. Plaintiff Borden has visited Defendant's open-air property located at 7320 Old Wake Forest Road, Raleigh, North Carolina (the "Subject Property II"), where she experienced unnecessary difficulty and risk due to excessive slopes in Defendant's parking facilities.

27. Plaintiff Badger lives north of Pittsburgh, Pennsylvania in the Ellwood City/Wampum area and travels throughout the region frequently. Plaintiff Badger has been to the Subject Property I identified above within the last year, and intends to return to the property.

28. Plaintiff Borden lives in the Ashville, North Carolina area and regularly travels to Raleigh with her husband to visit family and friends who live there.  She also comes to the area for events and fundraisers for Multiple Sclerosis research. Plaintiff Borden has been to the Subject Property II identified above within the last year, and intends to return to property.

29.     Furthermore, Plaintiffs intend to return to Defendant's facilities to ascertain whether those facilities remain in violation of the ADA.

30.     As a result of Defendant's non-compliance with the ADA, Plaintiffs' ability to access and safely use Defendant's facilities has been significantly impeded.

31.     Plaintiffs will be deterred from returning to and fully and safely accessing Defendant's facilities, however, so long as Defendant's facilities remain non-compliant, and so long as Defendant continues to employ the same policies and practices that have led, and in the future will lead, to inaccessibility at its facilities.

32.     Without injunctive relief, Plaintiffs will continue to be unable to fully and safely access Defendant's facilities in violation of her rights under the ADA.

33.     As individuals with a mobility disability who are dependent upon a wheelchair, Plaintiffs are directly interested in whether public accommodations, like Defendant, have architectural barriers that impede full accessibility to those accommodations by individuals with mobility-related disabilities.

## II.    Defendant Repeatedly Denies Individuals With Disabilities Full and Equal Access to its Facilities.

34.     Defendant is engaged in the ownership, management and development of properties, including shopping malls and open-air centers.

35.     As the owner and manager of its properties, Defendant employs centralized policies, practices and procedures with regard to the design, construction, alteration, maintenance and operation of its facilities.

36.     To date, Defendant's centralized design, construction, alteration, maintenance and operational policies and practices have systematically and routinely violated the ADA by designing, constructing and altering facilities so that they are not readily accessible and usable,

by failing to remove architectural barriers, and by failing to maintain and operate facilities so that the accessible features of Defendant's facilities are maintained.

37. On Plaintiffs' behalf, investigators examined multiple locations owned, controlled, and/or operated by Defendant, and found the following violations, which are illustrative of the fact that Defendant implements policies and practices that routinely result in accessibility violations:

a) 1810 Settlers Ridge Center Drive, Pittsburgh, PA
   i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%;
   ii. The surfaces of one or more access aisles had slopes exceeding 2.1%; and
   iii. A portion of the route to the store entrance had a running slope exceeding 5.0%.

b) 205 Palm Bay Road NE, West Melbourne, FL
   i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%;
   ii. The surfaces of one or more access aisles had slopes exceeding 2.1%; and
   iii. No spaces were designated as "van accessible" at one or more groups of purportedly accessible parking spaces.

c) 4345 Norfolk Pkwy, West Melbourne, FL
   i. No spaces were designated as "van accessible" at one or more groups of purportedly accessible parking spaces.

d) 4315 Norfolk Pkwy, West Melbourne, FL
   i. No spaces were designated as "van accessible" at one or more groups of purportedly accessible parking spaces.

e) 3421 Sumner Blvd, Raleigh, NC
   i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%; and

  ii. The surfaces of one or more access aisles had slopes exceeding 2.1%.

 f) 7320 Old Wake Forest Road, Raleigh, NC

  i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%; and

  ii. The surfaces of one or more access aisles had slopes exceeding 2.1%.

38. The fact that individuals with mobility-related disabilities are denied full and equal access to numerous of Defendant's facilities, and the fact that each of these facilities deny access by way of inaccessible parking facilities, is evidence that the inaccessibility Plaintiffs experienced is not isolated, but rather, caused by Defendant's systemic disregard for the rights of individuals with disabilities.

39. Defendant's systemic access violations demonstrate that Defendant either employs policies and practices that fail to design, construct and alter its facilities so that they are readily accessible and usable, and/or that Defendant employs maintenance and operational policies and practices that are unable to maintain accessibility.

40. As evidenced by the widespread inaccessibility of Defendant's parking facilities, absent a change in Defendant's corporate policies and practices, access barriers are likely to reoccur in Defendant's facilities even after they have been remediated.

41. Accordingly, Plaintiffs seek an injunction to remove the barriers currently present at Defendant's facilities and an injunction to modify the policies and practices that have created or allowed, and will create and allow, inaccessibility to affect Defendant's network of facilities.

## **CLASS ALLEGATIONS**

42. Plaintiffs bring this class action, pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of themselves and the following nationwide class: all wheelchair users who have attempted, or will attempt, to utilize the parking facilities at all

locations within the United States for which Defendant owns and/or controls the parking facilities.

43. <u>Numerosity</u>: The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court, and will facilitate judicial economy.

44. <u>Typicality</u>: Plaintiffs' claims are typical of the claims of the members of the class. The claims of Plaintiffs and members of the class are based on the same legal theories and arise from the same unlawful conduct.

45. <u>Common Questions of Fact and Law</u>: There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendant's facilities and/or services due to Defendant's failure to make their facilities fully accessible and independently usable as above described.

46. <u>Adequacy of Representation</u>: Plaintiffs are an adequate representative of the class because their interests do not conflict with the interests of the members of the class. Plaintiffs will fairly, adequately, and vigorously represent and protect the interests of the members of the class and have no interests antagonistic to the members of the class. Plaintiffs have retained counsel who are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA.

47. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, making

appropriate both declaratory and injunctive relief with respect to Plaintiffs and the class as a whole.

## **SUBSTANTIVE VIOLATIONS**

48. The allegations contained in the previous paragraphs are incorporated by reference.

49. Defendant's facilities were altered, designed, or constructed, after the effective date of the ADA.

50. Defendant's facilities are required to be altered, designed, and constructed so that they are readily accessible to and usable by individuals who use wheelchairs. 42 U.S.C. § 12183(a).

51. Further, the accessible features of Defendant's facilities, which include the parking lots and paths of travel, are required to be maintained so that they are readily accessible to and usable by individuals with mobility disabilities. 28 CFR § 36.211.

52. The architectural barriers described above demonstrate that Defendant's facilities were not altered, designed, or constructed in a manner that causes them to be readily accessible to and usable by individuals who use wheelchairs, and/or that Defendant's facilities were not maintained so as to ensure that they remained accessible to and usable by individuals who use wheelchairs.

53. Furthermore, the architectural barriers described above demonstrate that Defendant has failed to remove barriers, as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

54. Defendant's repeated and systemic failures to design, construct and alter facilities so that they are readily accessible and usable, to remove architectural barriers, and to maintain

the accessible features of their facilities constitute unlawful discrimination on the basis of a disability in violation of Title III of the ADA.

55. Defendant's facilities are required to comply with the Department of Justice's 2010 Standards for Accessible Design, or in some cases the 1991 Standards. 42 U.S.C. § 12183(a)(1);  28 C.F.R. § 36.406; 28 C.F.R., pt. 36, app. A.

56. Defendant is required to provide individuals who use wheelchairs full and equal enjoyment of its facilities.  42 U.S.C. § 12182(a).

57. Defendant has failed, and continues to fail, to provide individuals who use wheelchairs with full and equal enjoyment of its facilities.

58. Defendant has discriminated against Plaintiffs and the class in that it has failed to make its facilities fully accessible to, and independently usable by, individuals who use wheelchairs in violation of 42 U.S.C. § 12182(a) as described above.

59. Defendant's conduct is ongoing and continuous, and Plaintiffs have been harmed by Defendant's conduct.

60. Unless Defendant is restrained from continuing its ongoing and continuous course of conduct, Defendant will continue to violate the ADA and will continue to inflict injury upon Plaintiffs and the class.

61. Given that Defendant has not complied with the ADA's requirements to make its facilities fully accessible to, and independently usable by, individuals who use wheelchairs, Plaintiffs invoke their statutory rights to declaratory and injunctive relief, as well as costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the members of the class, pray for:

a.  A declaratory judgment that Defendant is in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant's facilities, as described above, are not fully accessible to, and independently usable by, individuals who use wheelchairs;

b.  A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.501(b) which directs Defendant to: (i) take all steps necessary to remove the architectural barriers described above and to bring its facilities into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the facilities are fully accessible to, and independently usable by, individuals who use wheelchairs; (ii) that Defendant change its corporate policies and practices to prevent the reoccurrence of access barriers post-remediation; and, (iii) that Plaintiffs shall monitor Defendant's facilities to ensure that the injunctive relief ordered above remains in place.

c.  An Order certifying the class proposed by Plaintiffs, and naming Plaintiffs are class representatives and appointing their counsel as class counsel;

d.  Payment of costs of suit;

e.  Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505; and,

f.  The provision of whatever other relief the Court deems just, equitable and appropriate.

Dated: July 13, 2017                              Respectfully Submitted,

By: */s/ Benjamin J. Sweet*
Benjamin J. Sweet (PA 87338)
Stephanie K. Goldin (PA 202865)
Bryan A. Fox (PA 317037)
**CARLSON LYNCH SWEET**
**KILPELA & CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(p) 412.322.9243
(f) 412.231.0246

*Counsel for Plaintiffs Josie Badger and Kit Borden*